OPINION
{¶ 1} Defendant-appellant Sherman Westbrook appeals his convictions and sentence in the Richland County Court of Common Pleas on carrying a concealed weapon, having a weapon while under a disability and drug abuse. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 23, 2003, an officer observed a black male standing outside a known drug house. A short time later, the officer observed a gray vehicle pull up, and the man lean into the passenger side window before getting into the vehicle. After following the vehicle and watching it make two left turns without a signal, the officer stopped the vehicle for a traffic violation.
 {¶ 3} As he approached the vehicle, the officer observed the passenger lean over and put something under his seat. After obtaining permission from the driver, the officer searched the vehicle, and discovered a silver vial containing suspected crack cocaine under the front seat in the area where he observed appellant placing it. Two walkie-talkies, one in the driver's seat and one in the passenger seat, were also discovered in the vehicle.
 {¶ 4} The officer learned appellant had an outstanding warrant for his arrest, and took him into custody. While performing a pat down search, the officer discovered a bag of marijuana, a digital scale, and a radiation detector in appellant's front pants pocket. Appellant told the officer the radiation detector was to determine whether a person was wearing a wire.
 {¶ 5} After placing appellant in his cruiser, the officer continued searching the vehicle, and discovered a silver/chrome handgun with black grips. Appellant denied possession of the gun and vial of cocaine, but admitted ownership of the marijuana, scales and radiation detector. Lab testing later confirmed the presence of cocaine residue on the scales.
 {¶ 6} Due to a prior drug conviction, appellant was charged with possession of a weapon while under disability, as well as, carrying a concealed weapon and felony drug possession. A jury convicted appellant of all three charges, and the trial court sentenced appellant to thirty-nine months in prison.
 {¶ 7} Appellant now appeals his conviction and sentence, assigning as error:
 {¶ 8} "I. The prosecutor engaged in misconduct which deprived appellant of a fair trial by referring to him as a drug dealer and eliciting improper testimony concerning weighing scales and walkie/talkies."
 I {¶ 9} In his sole assignment of error, appellant argues prosecutorial misconduct denied him a fair trial. Specifically, appellant asserts the prosecutor referred to him as a drug dealer and improperly elicited testimony concerning weighing scales and walkie-talkies.
 {¶ 10} Appellant cites the following exchanges at trial:
 {¶ 11} "Q. And were you surprised to find that quantity of money on the defendant?
 {¶ 12} "A. No.
 {¶ 13} "Q. Why were you not surprised, sir?
 {¶ 14} "A. Commonly drug dealers have large amounts of cash on them.
 {¶ 15} "MR. JACOBS: Objection.
 {¶ 16} "THE COURT: Sustained. Folks, you need to be careful that you are not influenced by things that the officer is saying which are not part of the evidence in this case.
 {¶ 17} "This case is not about drug dealing. It's about the possession of cocaine. It's about having weapons under disability. Be careful that you are focusing on the charges that are presented here.
 {¶ 18} "It may be tangentially relevant, but you need to understand what we're talking about here is weapon possession, drug possession. * * *
 {¶ 19} "Q. And do you recognize what the contents of that bag appear to be?
 {¶ 20} "A. Yes, ma'am. It's an electronic scale.
 {¶ 21} "Q. Do you have any knowledge as to how those work, sir?
 {¶ 22} "A. This electronic scale is commonly used by those who would want to weigh out drugs, or, there is not other real — I don't see any other real reason to weigh anything other than a small baggy —
 {¶ 23} "MR. JACOBS: Objection.
 {¶ 24} "THE COURT: Sustained.
* * *
 {¶ 25} "Q. How many people have you pulled over for traffic offenses that just happen to have walkie-talkies that you don't end up charging with a criminal violation?
 {¶ 26} "A. That do not end up with a criminal violation?
 {¶ 27} "Q. Right, something beyond traffic?
 {¶ 28} "A. None.
 {¶ 29} "Q. Can you characterize the scenarios when you do find people with walkie-talkies in their car?
 {¶ 30} "A. Usually it's used for communication between somebody that might be doing something illegal.
 {¶ 31} "MR. JACOBS: Objection.
 {¶ 32} "THE COURT: He's talking about his own experience. For the limited purpose there, I will allow it to come in." Tr. at 154-155, 158, 180-181.
 {¶ 33} The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. State v. Lott (1990), 51 Ohio St.3d 160, certiorari denied (1990), 112 L.Ed.2d 596. In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial. Darden v. Wainwright (1986), 477 U.S. 168. A trial is not unfair, if, in the context of the entire trial, it appears clear beyond a reasonable doubt the jury would have found the defendant guilty even without the improper comments. State v. Treesh (2001),90 Ohio St.3d 460, 464.
 {¶ 34} Appellant has not cited in the transcript where the prosecutor herself referred to appellant as a drug dealer. Further, upon review, we note the trial court sustained two of the three objections appellant references in his brief. The officer's testimony concerning the walkie-talkies was relevant, and the trial court did not abuse its discretion in admitting it. Viewed in the context of the entire trial and considering the trial court's limiting instruction, appellant was not deprived of a fair trial.
 {¶ 35} The sole assignment of error is overruled.
 {¶ 36} Appellant's convictions and sentence in the Richland County Court of Common Pleas is affirmed.
Hoffman, J., Boggins, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.